UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | No. 21-MJ-236 |
| | : | |
| **LUKE RUSSELL COFFEE,** | : | |
| Defendant. | : | |

## SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PRE-TRIAL DETENTION

Luke Coffee used a crutch to attack police officers who were guarding a Lower Terrace entrance to the U.S. Capitol during the January 6, 2021 insurrection. This and his other offense conduct, along with his actions both before and after the attack are distinguishable from the facts and circumstances of *United States v. Munchel*, No. 21-3010, 2021 WL 1149196 (D.C. Cir. Mar. 26, 2021), and warrant detention. Unlike Munchel, Coffee has been charged with crimes of violence against law enforcement and, in the weeks following the attack, bragged about his role in the insurrection, even saying it was a "privilege" to be on an FBI poster seeking information about Coffee and others. Coffee thus demonstrated both violent conduct on the day of the insurrection but also future dangerousness. He should be detained pending trial, even under the reasoning of *Munchel*.

This memorandum responds to this Court's minute order of April 5, 2021, directing the government to address the application of *Munchel* to this case and sets forth the reasons that decision by the Court of Appeals does not alter the calculus that the detention of the defendant is appropriate. *See* Dkt. (Min. Order of Apr. 5, 2021) (hereinafter "Minute Order").

The Court directed the government to address eight specific elements from the *Munchel* decision, and the government responds to each point below. This Court noted that, in *Munchel*,

the Court of Appeals

> **(1) examined a statutory definition before finding that 'at this stage, the evidence sufficiently demonstrates that Munchel's taser is a dangerous weapon under the statute.'" Minute Order (quoting *Munchel*, 2021 WL 1149196, at \*14 n.5).**
>
> **(2) placed little weight on a defendant's mere possession, without use, of a dangerous weapon while storming the U.S. Capitol in evaluating the district court's conclusion that the defendant posed a danger to the community," Minute Order (citing *Munchel*, 2021 WL 1149196 at \*12-13).**
>
> **(5) emphasized that defendants 'assaulted no one on January 6 . . . did not enter the Capitol by force . . . [and] vandalized no property' as important considerations for whether defendants 'pose a threat of using force to promote [their] political ends,'" Minute Order (citing *Munchel*, 2021 WL 1149196, at \*21-22).**
>
> **(7) articulated a difference between mob participants that 'assaulted police officers and broke through windows, doors, and barricades, and those who aided, conspired with, planned, or coordinated such actions' and those who 'cheered on the violence or entered the Capitol after others cleared the way,'" Minute Order (citing *Munchel*, 2021 WL 1149196, at \*22).**

These portions of the D.C. Circuit's discussion are relevant, as they were in *Munchel*, to whether Coffee is eligible for detention under 18 U.S.C. § 3142(f)(1)(E). *See Munchel*, 2021 WL 1149196, at \*6. The *Munchel* court examined the definition of "dangerous weapon" that appears in 40 U.S.C. § 5104(a)(2)(B), the statute under which Munchel was charged. Under *Munchel*, if a defendant is charged by indictment or complaint with committing an offense that has, as an element, the possession or use of a "dangerous weapon," that is sufficient to satisfy 18 U.S.C. § 3142(f)(1)(E). *See Munchel*, 2021 WL 1149196, at \*6 ("The Bail Reform Act thus explicitly authorizes detention when a defendant is charged with committing certain felonies while possessing a dangerous weapon, as is alleged in this indictment."). Coffee, unlike Munchel, is charged with Assault of Federal Law Enforcement Officer with Dangerous Weapon, in violation of 18 U.S.C. § 111(b), and Interference with a Law Enforcement Officer During a

2

Civil Disorder, in violation of 18 U.S.C. § 231, among other serious offenses. Thus, Coffee, like Munchel, has been charged, after a finding of probable cause, with an offense that includes, as an element, the use or carrying of a dangerous weapon. Unlike *Munchel* in which the defendant was alleged to have possessed but not used a taser, Coffee used a crutch to attack police officers who were guarding the Capitol. Although the defense contests that the crutch was used as a dangerous weapon, Coffee himself admitted that he had "charged" at the officers, conduct the defense now describes are "pressing against the first row of the Capitol Police line with the crutch held horizontally with both hands at waist level." *See* Dkt. 13 at 8-9. But Coffee did more than what the defense claims was merely "pressing." Indeed, after the initial charge at the officers, Coffee came at them again, this time holding the crutch more aggressively by positioning it towards an officer's upper chest and head area. This Court should therefore conclude that these charges and the government's proffer are sufficient to establish that the crutch Coffee used in his assault on law enforcement officers is a dangerous weapon under Section 3142(f)(1)(E). *Munchel*, 2021 WL 1149196, at *6 n.5. Coffee squarely fits within the class of offenders the *Munchel* court sought to distinguish. He did not merely "cheer[] on the violence" but was a mob participant who "assaulted police officers" and sought to enter the Capitol by force. *See id.* at *22.

> **(3) determined the district court did not demonstrate that it 'adequately considered, in light of all the record evidence,' whether defendants, who were a part of the mob assault on the Capitol, illegally entered the Capitol, carried weapons onto Capitol grounds, and showed no remorse for their actions, but had limited criminal history, . . . presented 'an identified and articulable threat to the community,'" Minute Order (citing *Munchel*, 2021 WL 1149196, at *7-8).**
>
> **(4) required that any 'threat be considered in context,' . . . such that the district court must consider 'the nature of the threat identified and the resources and capabilities of the defendant' to carry out that threat," Minute Order (citing *Munchel*, 2021 WL 1149196, at *7-8).**

**(6) directed the district court to consider whether defendants pose such a threat outside of the specific context 'of a large group of people who had gathered at the Capitol in protest that day' on January 6th, 2021, since 'the presence of the group was critical to their ability to obstruct the vote and to cause danger to the community,' . . . and 'there was no explanation of how [defendants] would be capable of doing so now that the specific circumstances of January 6 have passed,'" Minute Order (citing *Munchel*, 2021 WL 1149196, at \*8).**

The government analyzes these factors together. There are several reasons not present in *Munchel* why Coffee poses an ongoing threat to the community. First, Coffee (but not Munchel) actually used his dangerous weapon on Capitol grounds—and, what is more, did so against law enforcement officers protecting the Capitol and its occupants. He further did so in the midst of a violent mob attack at the Lower Terrace in which one law enforcement officer was brutally beaten and tased by assailants and who insurrections yelled that they should "kill him with his own gun." That places Coffee in a different class of dangerousness than Munchel and others who engaged in no such conduct; Coffee's willingness to engage in violence against so many police officers is an indication of his likely willingness to engage in violence in the future. Since the attack, not only has Coffee shown no remorse for his conduct but he has openly bragged about the attack, saying he was ready to die during the assault, alluding to the possibility of an armed confrontation with law enforcement if they came to arrest him, told his mother he would arm himself for war, reiterated his belief in the Q Anon conspiracy theories, and said there had been a sort of Divine intervention encouraging him to continue his attack. These are the words and actions of a person who did not view his conduct on January 6, 2021, as serious offenses and, if called upon in the right circumstance, would yet again not hesitate to use violent means to further his political beliefs.

**(8) directed that '[d]etention cannot be based on a finding that the defendant is unlikely to comply with conditions of release absent the requisite finding of dangerousness or risk of flight,'" Minute Order (citing *Munchel*, 2021 WL 1149196, at \*20).**

The government asks this Court to order the pre-trial detention of the defendant based on his dangerousness and risk of flight, not a finding that he is unlikely to comply with conditions of release. This final issue raised by the Court of Appeals in *Munchel* is therefore inapplicable to this Court's analysis of whether Coffee should be detained.

        Respectfully submitted,

        CHANNING PHILLIPS
        ACTING UNITED STATES ATTORNEY

By: _____/s/_____
     Peter Lallas
     Assistant United States Attorney
     N.Y. Bar Number 4290623
     United States Attorney's Office
     555 Fourth Street, N.W.
     Washington, D.C.  20530
     Telephone: (202) 252-6879
     Email: peter.lallas@usdoj.gov