UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| **v.** | ) | Case No. 1:21-cr-0327 (RC) |
| | ) | |
| LUKE RUSSELL COFFEE, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION IN LIMINE FOR A SELF-DEFENSE JURY INSTRUCTION**

Comes now the Defendant, LUKE RUSSELL COFFEE, by and through undersigned counsel, and pursuant to Fed. R. Crim. P. 12 and this Court's Scheduling order at ECF No. 82 for the above styled case, respectfully requests that this Court order the parties to include a self-defense and defense of others instruction to their proposed jury instructions. Mr. Coffee supports his request as follows:

**I.      INTRODUCTION**

On January 6, 2021, Luke Coffee, a deeply religious man, attended what he understood to be a rally in Washington, D.C. by President Donald Trump. Following the President's speech at the conclusion of the rally, he lingered and documented the day by filming other attendees around the area of the Ellipse/National Mall. After filming, he made his way to the Capitol Building. During the melee on the west terrace, Mr. Coffee interceded verbally by telling protestors and the police to "stop." He held his arms in the air. He threatened nobody.

On July 19, 2023 the Court vacated the previous trial scheduling order dates and adjusted them based on the continued trial date. Pretrial Order, ECF No. 82. As part of the Joint Pretrial Statement due on November 20, 2023, the proposed jury instructions are to be provided either as agreed upon or noted as to disagreement. *Id*. at 2.  Mr. Coffee may present a self-defense or defense

of others case at his trial. Because his video and witness testimonies provide the required level of evidence as a proffer, a jury instruction for self-defense and defense of others should be provided in the Joint Statement.

## II.    FACTS

Only specific affirmative defenses require advanced notice. Self-defense and defense of others do not require pretrial notice. Fed. R. Crim P. 12.

Video and testimonial evidence show that Luke Coffee was trying to keep the police and protestors apart. He was trying to keep the peace by continuously saying "Stop!" and "Pray!" During approximately 4:25 p.m. & 4:26 p.m., Luke Coffee shouted "Stop!" and "Pray!" toward the large crowd of Capitol rioters and prayed with them. At 4:28 p.m., Luke Coffee approached and shouted to the Capitol Police to "Stop!" ECF No. 13 at 6-7.

At some point there was a crutch at his feet that Mr. Coffee did not bring to the Capitol grounds or seek out. He picked it up and held it in the air while beseeching everyone to stop. He held the crutch in the air and in front of him to try to separate the protestors from the police. Even though Mr. Coffee did not touch any police or make any threats, and despite him trying to make peace, the Capitol Police sprayed Mr. Coffee directly in the face with mace or OC spray multiple times. After being pepper sprayed, a confused, blinded, and disoriented Luke Coffee bent down and held the crutch out in front of himself at waist height for protection. When he stood, still partly blinded, he did not lunge at police. Special Agent Hillman testified that the crutch only contacted the apparent line Capitol Police officers for "probably less than 10 seconds" and that it "could…be less than 5 seconds." ECF No. 13 at 6.

Mr. Coffee denies guilt and the government has to prove every element of assault. If he made contact by his movement rather than as a result of police movement, or whether suffering

bodily injury he held it for protection, the video and witness testimonial evidence meet the burden for a jury to decide whether self-defense or defense of others was involved if he raises that defense Mr. Coffee did not make first contact and has the right to the defense based on evidence that is not weak.

## III. LEGAL STANDARD

If a defendant has a proffer of evidence to support self-defense or defense of others, he is entitled to a jury instruction. There is ample caselaw supporting this.

"As a general proposition a defendant is entitled to an instruction as to any defense for which there exists evidence sufficient for a reasonable jury to find in his favor." *Stevenson* v. *United States*, 162 U.S. 313 (1896). This Circuit has a number of cases that state that “a defendant is entitled to an instruction on any issue fairly raised by the evidence, whether or not consistent with the defendant's testimony or the defense trial theory.” *Womack v. United States*, 336 F.2d 959 (D.C. Cir. 1964).

Despite it being a civil case, the court held, with affirmation by the U.S. Supreme Court that "[a] defendant is entitled to an instruction on a defense theory if it has a basis in the law and in the record." *Hasbrouck v. Texaco, Inc.*,842 F.2d 1034, 1044 (9th Cir. 1987), *aff'd*, 496 U.S. 543, 110 S.Ct. 2535, 110 L.Ed.2d 492 (1990). See *Joy v. Bell Helicopter Textron, Inc.*, 999 F.2d 549, 556 (D.C. Cir. 1993.)

On the criminal side, circuits agree that "a criminal defendant is entitled to have a jury instruction on any defense which provides a legal defense to the charge against him, and which has some foundation in evidence, even though the evidence may be weak, insufficient, inconsistent, or of doubtful credibility." *U.S. v. Yarbrough*, 852 F.2d 1522, 1541 (9th Cir. 1988) ((citing *United States v. Escobar de Bright,* 742 F.2d 1196, 1198 (9th Cir.

1984)) ((quoting *United States ex rel. Peery v. Sielaff,* 615 F.2d 402, 403 (7th Cir. 1979)). The defendant's burden is "not a heavy one and is met even where there is weak supporting evidence." *U.S. v. Ridner*, 512 F.3d 846, 849 (6th Cir. 2008)((quoting *United States v. Riffe*, 28 F.3d 565, 569 (6th Cir. 1994)). In a case about entrapment, which is applicable to other affirmative defenses, the defendant is entitled to his theory of defense if he provides evidence at trial where a reasonable jury can find for the defendant. *Mathews v. United States*, 485 U.S. 58, 62 (1988). The defendant can plead not guilty and still present an affirmative defense. *Id*.

**IV.   ARGUMENT**

   **A.  Because Mr. Coffee Has Sufficient Evidence to Raise the Self- Defense or Defense of Others Even while Retaining a "Not Guilty Plea" a Jury Instruction is Required.**

It is unquestionable by video and prior witness testimony that Mr. Coffee was trying to make peace between two groups where individuals were each becoming violent. He did not strike a blow or threaten anyone before being blasted with blinding, disorienting, and stinging OC spray/mace. Based on the caselaw from *Stevenson*, 162 U.S. 313, *Womack v. United States*, 336 F.2d 959, 496 U.S. 543, 110 S.Ct. 2535, 110 L.Ed.2d 492 (1990) affirmation of *Hasbrouck*, and *Mathews,* 485 U.S. 58, 62 (1988) among many cases, the matter is for the jury if his evidence and strategy at trial supports self-defense or defense of others where a reasonable jury could agree.

Because Mr. Coffee has already shown a basis for these defenses should he choose to incorporate them in his trial strategy, a proposed jury instruction is required.

   **B.  Preparation Now of the Proposed Jury  Instruction Supports Judicial Efficiency and Will not Result at Overburden of the Defense During Trial**.

The Court does not need to decide on the proposed jury instruction now. The Court decides whether the evidence presented at trial requires presentation of the instruction for self-defense or

defense of others. No mini trial before trial is required to proceed as requested by Mr. Coffee. And he may maintain his innocence throughout because nothing in the affirmative defense involves a claim that he deliberately assaulted any police. The government has taken inadvertent contact regardless of who caused it and made it a strict liability crime.

Because Mr. Coffee may present the affirmative defense(s) with supporting evidence, practicality and efficiency mandate creating the jury instruction now for the Court's consideration and decision when appropriate.

## V.  CONCLUSION.

Because Mr. Coffee has sufficient evidence to support a claim of self-defense or defense of others, it is proper to create the jury instruction as part of the Pretrial Joint Statement.

**Wherefore,** for good cause shown and for any reasons the Court deems fit, it should grant the attached proposed Order requiring the parties to develop jury instructions for self-defense and defense of others.

Dated September 11, 2023　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　<u>/s/ ANTHONY F. SABATINI</u>
　　　　　　　　　　　　　　　　　　*Attorney for Defendant*  FL Bar No. 1018163
　　　　　　　　　　　　　　　　　　SABATINI LAW FIRM, P.A.
　　　　　　　　　　　　　　　　　　411 N DONNELLY ST, STE #313
　　　　　　　　　　　　　　　　　　MOUNT DORA, FL 32757
　　　　　　　　　　　　　　　　　　anthony@sabatinilegal.com
　　　　　　　　　　　　　　　　　　T: (352)-455-2928


**CERTIFICATE OF SERVICE**

　　I hereby certify on the 11th day of SEPTMBER 2023, a copy of the foregoing was served upon all parties as forwarded through the Electronic Case Filing (ECF) System.

　　　　　　　　　　　　　　　　　　<u>/s/ ANTHONY F. SABATINI</u>
　　　　　　　　　　　　　　　　　　Anthony F. Sabatini, Defense Attorney