UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CAUSE: NO. 21-CR-327 |
| | § | |
| LUKE RUSSELL COFFEE | § | |
| | § | |

### REPLY TO GOVERNMENT RESPONSE AT ECF NO. 87

In ECF No. 85 Mr. Coffee asked the Court to direct that the parties include a jury instruction for self-defense or defense of others. The Government's allegation in its Response at ECF No. 87 is that it can deny a claim of self-defense because it asserts before trial that Mr. Coffee was the initial aggressor. The allegation is false, and the denial of self-defense is not something the government can assert outside of trial. The statement that Mr. Coffee was an initial aggressor or used unreasonable force are facts that are to be proven or disproven before a jury through evidence at trial. The government's legal conclusions and desire to prevent a defense that Mr. Coffee may want to employ through evidence before a jury are wrongful.

The Government fails to explain why it believes itself entitled to engage in civil summary judgement-type filings prior to criminal trial. There are facts in dispute where those facts in criminal cases remain with the jury as the trier of fact based on evidence. Nor has the government shown why any response by Mr. Coffee is required to ECF No.68. The government is not owed a preview of the Mr. Coffee's potential defense strategies. Absent such explanation, the Court should return to first principles: The Government is not entitled to gain advance knowledge of a defendant's defense strategy or to preclude a defendant from raising a defense before any evidence has been adduced.

1

Mr. Coffee has no stated that he will use the defense. Nor has he admitted to any assault. The government has no legal standing to preclude an affirmative defense where facts are not in evidence and the affirmative defense is not one required to be declared before trial.

## LEGAL STANDARD

The Motion at ECF 85 referenced the applicable legal standards.

## ARGUMENT

Federal Crim. Proc. Rules 12.1-12.3 explicitly provide a list of defenses that a defendant must disclose pretrial – alibi (Rule 12. 1), insanity (Rule 12.2), and public authority (Rule 12.3). Self-defense is not among the listed defenses. Per the rules, the Government is not entitled to a notice of an intent to assert self-defense, let alone a pretrial proffer of facts supporting such a claim.

The Government wants the Court to declare Mr. Coffee guilty now as evidenced by its false assertion of facts that he was the aggressor. The government wants to force Mr. Coffee into a pretrial mini-trial under ECF No. 68, which no caselaw supports. The government refers to caselaw about affirmative defenses that must be noticed. Self Defense is a matter for the jury to decide if the defendant presents evidence. The government is not entitled to see any such specific evidence at this time. Not is the government within any statute, rules, or caselaw allowed to try to force Mr. Coffee into a mini-trial now as ECF No. 68 incredibly tries to do. This is a standard government tactic when it believes it will lose. If allowed to demand preclusion of an affirmative defense that is for the jury to decide, the government's usual effort will shift to evidence preclusion before trial.

Asking for the preclusion of an affirmative defense or to assess (and exclude) potential evidence regarding such a defense is entirely premature. In sum, neither the federal rules nor the Constitution require Mr. Coffee to provide the Government a sneak peek at his defense. In fact, the law is quite clear that Mr. Coffee need not disclose trial strategy to the Government. Cf. *In re*

*Grand Jury Subpoena*, 870 F.3d 312, 316 (4th Cir. 2017) ("Opinion work product enjoys a nearly absolute immunity and can be discovered only in very rare and extraordinary circumstances").

That the USCP "shot first" and then later launched a barrage against peaceful protestors are facts the Government and legacy media continue to hide. That the USCP "Operations 1 and 2" and D.C. Metropolitan Police Department main command communications channels show no order allowing the use of concussion grenades, and no authorization to fire tear gs without three dispersal warning, let alone at people's faces, heads, and torsos in complete contradiction of legitimate use of less lethal weaponry, are not in dispute according to video and audio evidence. The use of excessive and reckless force under color of law is a matter of fact that the Government wants to hide by preventing self-defense and defense of others as a defense.

Accordingly, this Court should grant Mr. Coffee's Motion at ECF 85, with this Reply, and deny the Government's Response at ECF 87.

## CONCLUSION

WHEREFORE for these reasons, the Court should grant Mr. Coffee's Motion for a jury instruction as part of the Joint Pretrial Statement, and deny the Government's Motion at ECF No. 68 because it is not supported by an federal rules, and deny its Response at ECF No. 87.

Respectfully submitted.

/s/ ANTHONY F. SABATINI
FL Bar No. 1018163
anthony@sabatinilegal.com
SABATINI LAW FIRM, P.A.
411 N DONNELLY ST, STE #313
MOUNT DORA, FL 32757
T: (352)-455-2928
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of October, 2023, I filed the foregoing Notice of Attorney Appearance using the CM/ECF system which will give electronic notification to all attorneys of record.

/s/ Anthony F. Sabatini
ANTHONY F. SABATINI