UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| *v.* | ) | Case No. 1:21-cr-0327 (RC) |
| | ) | |
| LUKE RUSSELL COFFEE, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION FOR TRIAL TRANSCRIPTS AT GOVERNMENT EXPENSE

Comes now the Defendant, LUKE RUSSELL COFFEE, by and through undersigned counsel, pursuant to the Court's request for transcripts and its Order on January 25, 2024 for supplemental briefings, and in the interests of justice respectfully moves this court to order the Government to pay for the trial transcripts or in the alternative to broadly interpret 18 U.S.C. § 3006A to authorize payment as provided in subsections (d) and (e), or for any other reason as the Court sees fit. The Government stated in Court on January 25, 2024 that it would order the trial transcripts and now opposes taking any action to procure the trial transcripts. Mr. Coffee supports his request as follows:

I.      INTRODUCTION.

Mr. Coffee's trial ended on January 25, 2024.  Prior to reaching a verdict, the Court requested a copy of the closing argument PowerPoint briefings, and a supplemental briefing by the defense. The Court said it would review all evidence, prior memorandums, and transcripts. The Court requested the time required for the reporter to deliver the trial transcripts and received an answer of thirty days. Although the transcripts would not be ready for the supplemental briefing and response, the Government stated it would order the trial transcripts. The Defense provided its

closing briefing as requested while the government has not yet done so. AUSA Beach now refuses to order the trial transcript where the Court requested its use in assessing what was presented and stated.

## II.    FACTS.

The January 25, 2024 minute order states: "Bench Trial resumed and held as to LUKE RUSSELL COFFEE on 1/25/2024. Evidence entered and trial concluded. Defendant's Supplemental Brief due by 2/9/2024; Government Response due by 2/16/2024."

Discussion in Court on January 25, 2024 addressed trial transcripts. An AUSA stated that the Government would order the transcripts.

The Defense coordinated separately with the Court reporter for notification when the transcripts were ordered by the Government so that a Defense copy could be ordered. The Court reporter confirmed on January 25, 2024 that the Government stated it would order the transcripts.

On February 2, 2024 after being queried about the status of its order of the trial transcripts, AUSA Beach responded that we all "misunderstood" that the Government would order, and the Defense should order transcripts "at your own convenience."

While the Defense was confident that fundraising would allow Mr. Coffee to pay the $1 per transcript page cost for a copy after the Government placed the order, Mr. Coffee cannot afford to pay the estimated $3200.00 for the estimated 800 pages of trial transcripts. See Exhibit statement. He is indigent. Any prior payment to retained counsel was minimal, and combined with Defense travel expenses for trial, he exhausted funds set aside to have a trial.

The undersigned serves in a pro bono status and is not paid under the public defender or Criminal Justice Act (CJA) program, where attorneys in those programs can receive funds for trial transcripts as well as fees.

The Government is required under Jencks to provide transcripts of all testimony by its government witnesses who testified in this trial if they are testifying in future trials. As such, it is not optional for the government to order the trial transcripts. Yet the Government refuses to do so despite having funds and the obligation.

It is unclear now that the Government provided all prior testimony of its witnesses as required under Jencks prior to Mr. Coffee's trial since its AUSAs are refusing to order trial transcripts.

The Government delayed the order and delivery of trial transcripts by changing its position and remaining silent until queried, and then alleging that everyone in the courtroom "misunderstood."

III.    **LEGAL STANDARD**

Federal statutes and caselaw outside Public Defender programs address indigent defendants being allowed funding for transcripts. But these only address appeals or § 2255 motions.  Transcript costs outside of appeals when the indigent defendant has a pro bono attorney are not addressed in any statute.

**28 U.S. Code § 1915** - Proceedings in forma pauperis - is not applicable here because it applies to court fees and a "prisoner," and translates to appeals.

**28 U.S.C. § 2255** regards an indigent petitioner who is in custody and a motion after the verdict and sentence.

**28 U.S.C. § 753** is about Court reporting. Paragraph (f) addresses fees "for transcripts furnished in criminal proceedings to persons proceeding under the Criminal Justice Act (18 U.S.C. 3006A)." It also states that costs for transcripts, "shall be paid by the United States out of moneys

appropriated for those purposes." 28 U.S.C. § 753(f). The Court does not have to pay for its copy.

*Id.*

**18 U.S. Code § 3006A - "**Adequate representation of defendants" under (c) "Duration and

Substitution of Appointments" states**:**

> If at any stage of the proceedings, including an appeal, the United States
> magistrate judge or the court finds that the person is financially unable to
> pay counsel whom he had retained, it may appoint counsel as provided in
> subsection (b) *and authorize payment as provided in subsection (d), as the*
> *interests of justice may dictate.*

18 U.S.C. § 3006A(c) (Emphasis added).

## IV.    ARGUMENT

Both parties and the Court require the trial transcript.  Because the Government is obligated

to obtain the trial transcript under Jencks, it should pay the cost. Because of the government's

demonstration here that it will not order the transcripts, it should be scrutinized in this case and

every future January 6th case such that it must affirm before trial that every prior testimony by its

witnesses was provided to the defense. Failure to request a transcript should not be an allowable

loophole. A violation for failure to abide by Jencks law should be appropriately sanctioned, to

include exclusion of the witness's testimony (including in this case).

The clerk's office in the criminal section for this district Court stated that the Court could

allow funds for transcript payment when the defendant submits a letter stating that he cannot pay

and has pro bono representation. Mr. Coffee requests this in the interests of justice.

There is no statute outside of § 3006A that requires payment by any U.S. or government

funds for a defendant who is indigent and cannot pay for hearing and trial transcripts prior to a

verdict and sentencing (when appeal may arise). The published law disregards support when a pro

bono attorney provides a defense. In those cases, the defendant remains responsible for trial

expenses outside of attorney fees unless the Court intervenes. The government should not be allowed to exploit this and try to bankrupt defendants when it has funds and a duty to obtain the transcript given its repeat witnesses from the FBI, USCP, USSS, and DC MPD.

18 U.S.C. § 3006A(c) allows for funds when the defendant has exhausted his legal funds. Here, lead counsel is not requiring any further fees payment while the undersigned counsel has not required attorney fees. Mr. Coffee does not want a CJA counsel appointed just for the purposes of paying for trial transcripts. If the Court will not order the government to pay for the trial transcripts as it must do for Jencks requirements, then Mr. Coffee alternately requests that the Court under 18 U.S.C. § 3006A(c) "*authorize payment as provided in subsection (d), as the interests of justice may dictate.*" Section (d) allows for expenses and fees.

Section (e) "Services other than Counsel" does not require CJA counsel where it states:

> **(1) Upon Request.** Counsel for a person who is financially unable to obtain investigative, expert, or other services necessary for adequate representation may request them in an ex parte application. Upon finding, after appropriate inquiry in an ex parte proceeding, that the services are necessary and that the person is financially unable to obtain them, the court, or the United States magistrate judge if the services are required in connection with a matter over which he has jurisdiction, shall authorize counsel to obtain the services.

§ 3006A(e)(1)

Mr. Coffee is willing to submit an ex parte application and participate in a proceeding on the trial transcript matter. However, he reiterates that because the government is obligated under Jencks to obtain the trial transcript, the Court in the interests of justice should order the government to pay.

## V.      CONCLUSION

The government should not be allowed to shirk its obligation under Jencks to order the trial transcript where it can extract the sections related to its witnesses' testimonies. Because of the government's Jencks' obligation, the Court should order the government to pay for the trial transcripts.

And because the government demonstrated here that it does not take its Jencks requirements seriously, the Court should order an inquiry into whether the government has failed to order past transcripts from witnesses who testified in this case, and determine whether the government did not meet its Jencks requirement where testimony should now be excluded.

Wherefore for good cause shown and for any other reason the Court finds in the interests of justice, it should issue the proposed order.

Dated February 8, 2024                                    Respectfully submitted,

                                                          /s/ *Carolyn A. Stewart*
                                                          Carolyn A. Stewart, Bar No. FL-0098
                                                          Pro Bono Defense Attorney
                                                          Stewart Country Law PA
                                                          1204 Swilley Rd.
                                                          Plant City, FL 33567
                                                          Tel: (813) 659-5178
                                                          E: Carolstewart_esq@protonmail.com

### CERTIFICATE OF SERVICE

I hereby certify on the 8th day of February 2024, a copy of the foregoing was served upon all parties as forwarded through the Electronic Case Filing (ECF) System.

                                                          /s/ Carolyn Stewart
                                                          Carolyn Stewart, Defense Attorney